Nov. Term, 1838.

ATKINSON v. REDING.

---

ATKINSON *v.* REDING.

Words charging a person with having forged a deposition are actionable.

,ERROR to the *Washington* Circuit Court.

SULLIVAN, J.—This was an action of slander brought by *Atkinson* against *Reding*. The words charged to have been spoken by *Reding* are, " He (*Atkinson*) forged *Kennedy's* deposition." " He obtained that deposition by forgery." " He forged the deposition." Plea, not guilty. Verdict for the plaintiff. On the motion of the defendant, the Court arrested the judgment on the verdict, and gave final judgment for the defendant.

Friday, November 23.

In support of the judgment of the Circuit Court, it is said that the statute relative to crime and punishment, R. C. 1831, sec. 9, does not embrace the forgery of depositions, and therefore the words laid in the declaration are not actionable. That statute provides, that every person who shall falsely make, forge, &c. any deed, record, &c. certificate of a justice of the peace or other public officer, or any other instrument in writing whatever, with intent to defraud any person or persons, shall be deemed guilty of forgery (1). It does not, it is true, expressly embrace depositions; but it does embrace, in terms, that which is essential to the validity of a deposition, viz., " the certificate of a justice of the peace or other public officer." In the present case, we presume the deposition to have been judicially and

regularly taken.   If so, it was taken by an officer duly authorised to take depositions, and by him legally certified. The words spoken by the defendant, therefore, charging the plaintiff with forging the deposition, include, in our opinion, the certificate of the officer by whom it was taken, the forging of which, there can be no doubt, comes within the provisions of the law.   If the defendant had only charged the plaintiff with forging the certificate of the officer, the words would have been manifestly slanderous; and certainly they are not less so, in charging him with forging the whole deposition.

*Per Curiam.*—The judgment is reversed with costs.   Cause remanded, &c., with instructions to render judgment on the verdict.

*A. C. Griffith*, for the plaintiff.

*H. P. Thornton*, for the defendant.

(1) Accord. Rev. Stat. 1838, p. 208.